# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br><u>MAYRA BLAIR</u><br>*Defendant* | )<br>)<br>) Case No. 3:15-CR-56<br>)<br>) |

**DETENTION ORDER PENDING TRIAL**

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted of ☐ a federal offense ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in <u>18 U.S.C. § 2250(a)</u> .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in <u>21 U.S.C. §§ 841 and 846</u> .

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# UNITED STATES DISTRICT COURT

for the

Eastern District of Tennessee

under 18 U.S.C. § 924(c).

☐ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

X  (1)  There is a serious risk that the defendant will not appear.

☐  (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by  ☐ clear and convincing evidence  X a preponderance of the evidence that

the Defendant is a flight risk.

Please see the attached Statement of the Reasons for the Court's findings on the reasons for detention in this case.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date: March 24, 2015

s/ C. Clifford Shirley, Jr.

*Judge's Signature*

United States Magistrate Judge C. Clifford Shirley, Jr.

*Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# United States v. Blair, 3:15-CR-56
## Part II— Statement of the Reasons for Detention

The Court finds that the testimony and information submitted at the detention hearing establishes by a preponderance of the evidence that the Defendant poses a risk of flight.

The Court must weigh the factors found in 18 U.S.C. § 3142(g) when determining whether a defendant shall be detained or released pending trial. In this case, the nature and circumstances of the offenses charged do not create a presumption that there are "no condition or combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of the community[.]" 18 U.S.C. § 3142(e)(3)(A); 18 U.S.C. § 3142(e)(3). However, regardless of the lack of presumption, the Court's inquiry must not stop there but must weigh the factors set forth in 18 U.S.C. § 3142(g).

The Court finds that the Government failed to prove by clear and convincing evidence that the Defendant is a danger to the community. The weight of the evidence against the Defendant is insufficient to show that she presents a danger to the community or that, should she be released, she would attempt to threaten a witness or other interested party in this case. The Government asserts that the Defendant sent threatening messages to a witness, Diane Ortiz, and her family and that she placed Ms. Ortiz's photo on a Santa Muerta altar. However, at no time did the Government present evidence of the substance of these alleged messages and the letters at issue appear to show otherwise. Further, Officer Vicente testified that Ms. Ortiz stated that she originally thought the placement of her picture was "a good thing," and only after finding herself in jail did she find such placement threatening. The Government's allegations of Defendant's danger seem to be mostly conjecture without the benefit of substantive evidence. As such, the Court finds that the Government did not prove that Defendant was a danger to the community by clear and convincing evidence.

As to flight, the nature and circumstances of the offense charged creates neither a presumption nor argument for detention. Further, the history and characteristics of the Defendant weigh in favor of release. Defendant has strong community ties, is employed, has family ties in East Tennessee, and her criminal record is minimal. However, the Government presented letters written in the Defendant's handwriting alluding to promises made by the Defendant to assist Ms. Ortiz in an attempt to flee the United States upon her release on bond and to fulfill Defendant's promise to travel to Mexico and close her business in East Tennessee. In addition, the charges against the Defendant involve, and the evidence established, the utilizing of false identifications, drivers licenses, and birth certificates. Defendant also has contacts and family in Mexico, and her husband is allegedly a Mexican national residing in the United States illegally. Therefore, the second factor regarding the weight of the evidence of Defendant's risk of flight weighs in favor of detention. These letters indicate a plan to flee. Further, the Defendant's counsel presented the Court with an uncashed check made out to the Defendant's business for over $27,000.00, constituting sufficient proof that Defendant has the financial means to flee. The Defendant clearly has a motive to flee, she alluded to a plan to flee in two handwritten letters, and she has the financial means to flee. The only ingredient missing from Defendant's flight is the opportunity to do so, which this Court cannot and will not grant. The Court finds by a preponderance of the

1

evidence that the Defendant is a risk of flight by virtue of her own letters of intent and planning and that there are no conditions that the Court could place on the Defendant to ameliorate the risk of flight.