IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No. 3:15-CR-56 |
| v. | ) | |
| | ) | |
| MAYRA EDITH BLAIR, | ) | (VARLAN / SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Mayra Blair's Motion for Magistrate to Reconsider and Rehear Detention Hearing in Support of Defendant's Motion for an Order Granting her Pre-trial Release [Doc. 41], filed on April 8, 2015. On March 20, 2015, the Court held a detention hearing for Defendant Blair and heard the testimony of two witnesses for the Government and three defense witnesses. At the conclusion of the hearing, the Court ordered [Doc. 24] that the Defendant be detained pending her trial because it found by a preponderance of the evidence that the Defendant poses a risk of flight. The Defendant now seeks a rehearing, arguing that (1) she would like to testify in order to explain certain letters that were exhibits at the detention hearing and (2) her continued incarceration will hinder her ability to prepare for trial in light of the voluminous discovery in this case.[1] The Government opposes [Doc. 42] the Court's reconsideration of Defendant Blair's detention, contending that the

---
[1] The Defendant also asks for leave to file a memorandum of law on her request for rehearing. The Court finds that additional briefing is not necessary because the Defendant has failed to make a threshold showing warranting a reopening of her detention hearing.

Defendant has failed to show that she has new evidence bearing upon the matter of her detention that was not available at the time of the March 20 detention hearing.

The Court may reopen a detention hearing

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2). In the present case, the Court finds that the issues raised in the Defendant's motion fail to meet the threshold requirements for reopening a detention hearing. First, the Defendant contends that she would like to testify in order to rebut or comment upon letters from her to a potential witness Diana Ortiz. These letters, which were exhibits at the detention hearing, are the primary basis for the Court's finding that the Defendant is a flight risk. The Court finds that whatever explanation or comment the Defendant might provide as to these letters is not information that was unknown to the Defendant at the time of the hearing. The letters were exhibits at the hearing and what they said and what they meant was the crux of both testimony and argument.

Moreover, defense counsel called the Defendant to testify but, upon being advised of her rights by the Court, the Defendant chose not to testify. Instead, defense counsel offered as a proffer that the Defendant's letters to Ms. Ortiz "were done out of sympathy, not realizing, and contrary to my advice, that that would be interpreted as an effort to improperly influence her." [Doc. 39, p.120] Defense counsel also proffered that the Defendant had no intention of fleeing but intended to remain in the district to run her business and care for her children. [Doc. 39, pp.

121-22] The Court finds that the Defendant's explanation of the letters was both known to the Defendant at the hearing and generally brought before the Court through her attorney's proffer.

The Defendant's second reason for reopening the detention hearing is that her incarceration will make it difficult for her to prepare her defense, particularly given the volume of discovery in this case. Additionally, the Defendant contends that the Government has offered to have the hard copies of documents scanned into an electronic format at a federal facility in South Carolina but that this process will take ten weeks. She argues that this delay will extend the time of her pretrial incarceration. The Government responds that this alleged new information does not have a material bearing upon the Defendant's risk of nonappearance.

The Court agrees with the Government that the Defendant's second allegation does not have "a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required[.]" 18 U.S.C. § 3142(f)(2). The Court makes no finding with regard to whether the Government has complied with its discovery obligations, as that issue is not before the Court in this motion. However, from the information in the Defendant's own motion, as well as in the Government's response, it appears that the discovery is presently available in the district for defense counsel to review.

For the reasons discussed above, the Court finds that the Defendant had failed to show that the detention hearing should be reopened. Accordingly, her Motion for Magistrate to Reconsider and Rehear Detention Hearing in Support of Defendant's Motion for an Order Granting her Pre-trial Release [**Doc. 41**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:
    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

3

Case 3:15-cr-00056-TAV-CCS   Document 43   Filed 04/10/15   Page 3 of 3   PageID #: 320